IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELA GONZALEZ JIMENEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CV F 04-6749 AWI<br>(CR F 03-5078-03 AWI)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION TO CORRECT, VACATE OR SET ASIDE A SENTENCE AND DENYING MOTION PURSUANT TO F.R.C.P. 35<br><br>(28 U.S.C. § 2255)<br><br>Documents 91, 92 and 93 |

### INTRODUCTION

In this case, petitioner Adela Gonzalez ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 18 months that was imposed by this court on May 27, 2003, following Petitioner's entry of a plea of guilty to one count of 18 U.S.C., section 287 and 2, making a false claim to the United States and aiding and abetting.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted by a plea of guilty entered on March 8, 2003. A negotiated plea agreement signed by Petitioner provided, *inter alia*, that Petitioner agreed that the loss for

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

purposes of computation of her sentence under section 2B1.1 of the sentencing guidelines was greater than $70,000, but less than $120,000. Petitioner also agreed to the application of a two-level enhancement for sophisticated means and agreed to restitution in the amount of $30,953.73. The Presentence Investigation Report reflected a base offense level of six points to which were added eight points for loss over $70,000 but less than $120,00, and two points for sophisticated means. The offense level was reduced by three points for acceptance of responsibility. The final offence level was calculated to be thirteen, with a criminal history category of I. Petitioner agreed to be sentenced to the high end of the range, which was 18 months. Petitioner was sentenced on June 7, 2004, and judgment was entered on June 9, 2004.

The instant motion pursuant to section 2255 was timely filed on December 27, 2004.

On June 3, 2005, Petitioner filed a pleading styled as a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are

insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

The basis for Petitioner's claim for habeas relief is that her sentence was impermissibly enhanced when eight points were added to the offense level pursuant to USSG 2B1.1(b)(1)(E) based on a loss of more than $70,000 but less than $120,000.[2] Petitioner contends the holding in Blakely v. Washington, 542 U.S. 296 (2004), which applies the rule in Apprendi to sentences imposed according to state law sentencing guidelines that allow enhanced sentences according to individualized characteristics of the offense, applies in this case to prevent enhancement of her sentence based on facts Petitioner contends she did not admit. As the Blakely Court explained, "'the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*'" United States v. Ameline, 376 F.3d 967, 973 (9th Cir. 2004) (quoting Blakely, 542 U.S. at 303) (emphasis in original). Ameline, applies the rule in Apprendi, as expressed in Blakely, to sentences imposed pursuant to the United States Sentencing Guidelines. Ameline, 376 F.3d at 978.

The court will assume for purposes of this discussion that the rule announced in Blakely applies in this case. Petitioner's claim fails simply because she *admitted* the loss that formed the basis for the eight-point enhancement of her sentence pursuant to USSG 2B1.1(b)(1)(E). The plea agreement, signed by Petitioner, states:

> (r) The defendant agrees that the amount of loss for purposes of section 2B1.1 of the Sentencing Guidelines is more than $70,000.
>
> (s) The defendant agrees to be sentenced at the high end of the applicable guideline range.

Petitioner alleges she never admitted the amount of loss and that the amount was not

---

[2] Petitioner erroneously states that her sentence was enhanced on the basis of a loss of approximately $30,000. This is incorrect. The $30,000 figure was the agree-upon "actual loss," which formed the basis for the amount of restitution imposed.

3

proven beyond a reasonable doubt to a jury. Petitioner appears to be trying to create a distinction between what is "agreed to" in a plea agreement, and what is "admitted." Petitioner offers no basis for the implied assumption that a fact that is established by agreement is somehow different from a fact that is admitted, and the court can find none. It would be extraordinarily prejudicial to the government to allow defendants to agree to certain facts in exchange for specified benefits under the plea agreement, only to back out of the agreement after the benefit is realized on the basis of a hyper-technical distinction between an agreed fact and an admitted fact.

Because all the facts that were used in the computation of Petitioner's sentence were admitted, the sentence does not offend Apprendi, Blakely, Ameline, or any of their progeny. Petitioner has therefore failed to state a claim upon which relief can be granted and the motion to vacate, amend or set aside pursuant to section 2255 will be dismissed.

Petitioner's "Rule 35 motion" cannot be considered a motion properly before the court. Rule 35(a) empowers *the court* to correct errors it discovers on its own motion at any time. "Rule 35(b) authorizes a court '*upon the government's motion* made within one year of sentencing,' to reduce a defendant's sentence if 'the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." United States v. Awad, 371 F.3d 583, 587 (9th Cir. 2004) (quoting Rule 35(b)(1)). In sum, Rule 35 only provides relief upon motion of the court to correct its own mistake, or upon motion of the government. Id. A defendant simply cannot move for relief pursuant to Rule 35. To the extent Petitioner's filing of June 3, 2005, represents Petitioner's motion to the court, that motion must be denied as inappropriate.

For the reasons stated, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED. Petitioner's motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure is DENIED.

IT IS SO ORDERED.

**Dated:    June 25, 2007**            /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE

4